# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON VRH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BERGMAN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00727-BAM (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS<br><br>(ECF No. 1<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Aaron Vrh ("Plaintiff") is a former county jail inmate and current state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was transferred from the Sacramento Division of the United States District Court for the Eastern District of California to the Fresno Division on June 15, 2022.  (ECF No. 4.)  Plaintiff paid the $402.00 filing fee.  Plaintiff's complaint is before the Court for screening.  (ECF No. 1.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

1  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
2  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
3  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
4  Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
5  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,*
6  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

7        To survive screening, Plaintiff's claims must be facially plausible, which requires
8  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
9  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
10 Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
11 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
12 standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

13       **II.**      **Plaintiff's Allegations**

14       Plaintiff is currently housed at Valley State Prison in Chowchilla, California. The events
15 in the complaint are alleged to have occurred at Stanislaus County Jail in Modesto, California.
16 Plaintiff names as defendants: (1) Natalyn Bergman, RN, (2) Dr. Andrew Ho, (3) Denise M.
17 Pearson, Nurse, (4) Antonio Lani, Physician's Assistant, (5) Sunny Bassi, Nurse Practitioner, (6)
18 J. Cambell, RN, (7) Manuel S. Hernandez, medical staff, (8) Joe Caporgno, medical staff, (9)
19 Barb Hopkins, medical staff, (10) Lannette L. Dunn, medical staff, (11) Cheryl Melo, medical
20 staff, and (12) Franchesca Chavez, RN.

21       Plaintiff claims an Eighth Amendment violation for deliberate indifference to serious
22 medical need.  After suffering serious injuries in an automobile accident about 48 hour prior to
23 his arrest, Plaintiff did not receive adequate medical care, attention, evaluation, treatment or
24 medication by California Forensic Medical Group's ("CFMG"), employees contracted by
25 Stanislaus County Jail for the entire 365 days Plaintiff was detained from 12/15/14 through
26 12/15/15. Plaintiff alleges Natalyn Bergman, RN, repeatedly refused to give Plaintiff adequate
27 pain medication or any ice packs despite hospital instructions, for the entire year.  Denise M.
28 Pearson repeatedly threatened to put Plaintiff on the suicide watch for requesting medical

attention.  Staff refused to allow Plaintiff the neck brace from the hospital or supply Plaintiff with a neck brace.  On 12/16/14, on day 2, Antonio Lani, PA, and Manual S. Hernandez noted "minor car accident" in a report despite Plaintiff's statement that it was not a minor accident, and Plaintiff's car had been totaled. Joe W. Caporgno authorized the report.  On 12/21/14, Franchesca Chavez, RN noted ice packs prescribed, which Plaintiff never received. On 12/8/15, Barb Hopkins and Sunni Bassi were aware Plaintiff was requesting the MRI and medication prescribed by the hospital.  Plaintiff never received the medication.  On 5/4/15, RN Denise M. Pearson tormented Plaintiff while dispensing pills, which was one of many times.  On 12/25/14 and 12/29/14, Lannette L. Dunn, LVN and Natayln Bergman, RN, noted that Plaintiff was rear-ended in an automobile accident and went to the hospital and had prior accidents.  On 12/17/14, Franchesca Chavez and Andrew Ho were treating physicians.  Staff neglected Plaintiff in the early stages of healing and recovery that impacted his ability to heal correctly.  He has a permanent spine injury.  Plaintiff seeks compensatory and punitive damages.

**III. Discussion**

Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

It appears that Plaintiff's claims are time-barred by the statute of limitations. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted.) Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). California imposes a two-year statute of limitations for personal injury actions. Cal. Code Civ. P. § 335.1; *see also Mills v. City of Covina*, 921 F.3d 1161 (9th Cir. 2019) (applying this statute to § 1983 claims). The limitations period for § 1983 claims is thus two years. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980); 42 U.S.C. § 1988(a).

Prisoners receive an additional two years to file personal injury claims, generally resulting in a <u>total of four years</u> period from accrual for prisoners to file a claim under § 1983. See Cal. Civ. Proc. Code § 352.1(a) ("If a person entitled to bring an action, ... is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.").

Plaintiff alleges that the injuries at issue in this case occurred in 2014 and 2015. Four years from 2015 means that Plaintiff was required to file his action by 2019. This action was filed in June 2022. Plaintiff's claims thus appear untimely. Accordingly, the Court will order plaintiff to show cause why this action should not be dismissed for failure to comply with the applicable statute of limitations.

**ORDER**

As it appears from the face of the complaint that Plaintiff's claims are time-barred, it is HEREBY ORDERED that, within thirty (30) days from the date of service of this order, Plaintiff shall show cause, in writing, why this action should not be dismissed because Plaintiff's claims are barred by the statute of limitations. Failure to comply with this order will result in a recommendation to dismiss the action as barred by the statute of limitations.

IT IS SO ORDERED.

Dated: **August 17, 2022**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

4