# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON VRH,<br><br>                        Plaintiff,<br><br>        v.<br><br>BERGMAN, *et al.*,<br><br>                        Defendants. | Case No.  1:22-cv-00727-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 12)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Introduction**

Plaintiff Aaron Vrh ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

In the complaint, Plaintiff alleges that the injuries at issue in this case occurred in 2014 and 2015. (ECF No. 1.) This action was filed on June 13, 2022. (*Id.*) Pursuant to the applicable statute of limitations, Plaintiff was required to file his action by 2019. Accordingly, on August 18, 2022, the Court issued an order requiring Plaintiff to show cause, within thirty days, why this action should not be dismissed because Plaintiff's claims are barred by the statute of limitations. (ECF No. 12.)

## II. Plaintiff's Response to Order to Show Cause

On September 19, 2022, Plaintiff filed a response to the order to show cause. (ECF No. 13.) In his response, Plaintiff states that he filed Case No. 2022736 in Stanislaus County Superior Court on November 28, 2016, prior to the applicable statute of limitations.[1] Plaintiff states that Case No. 2022736 raised the same causes of action as those presented in this action. (*Id.* at 1.) Plaintiff contends that Case No. 2022736 was wrongfully dismissed by Judge Stacy P. Speiller on January 11, 2022, and Plaintiff is "asking this court to provide Appellate Review of that dismissal and allow the case to be heard on its merits in this court." (*Id.* at 2.) Plaintiff contends that his request should not be time barred because this case was filed within six months of Judge Speiller's dismissal. Plaintiff alleges that he was not provided documentation of the dismissal, and to the best of his memory, he was verbally told over the phone that California Forensic Medical Group (CFMG) and its employees were "prison officials immune from civil litigation" and the case was time barred because the trial had not begun within 5 years of filing. (*Id.*) Plaintiff argues that equitable tolling should apply, or that it should make no difference if this Court finds Case No. 2022736 was wrongfully dismissed. (*Id.* at 3.) Plaintiff contends that this case should not be dismissed pursuant to the statute of limitations, should be allowed to proceed in this court, and the state court's dismissal should be overturned. (*Id.* at 4.)

## III. Legal Standards

Lack of subject matter jurisdiction may be raised by the district court *sua sponte*. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

The *Rooker–Feldman* doctrine generally bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."

---

[1] The Court takes judicial notice of *Vrh, Aaron v. Stanislaus Cty. Jail*, Case No. 2022736, Stanislaus County Superior Court. The court may take judicial notice of state court records. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); *Kasey v. Molybdenum Corp. of Amer.*, 336 F.2d 560, 563 (9th Cir. 1964).

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The Supreme Court emphasized in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* that the *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." 544 U.S. 280, 284 (2005). The Ninth Circuit further clarified that *Rooker–Feldman* applies only when a federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment. *Kougasian*, 359 F.3d at 1140.

**IV.   Discussion**

Plaintiff's response to the Court's order to show cause, despite addressing whether this action is barred by the applicable statute of limitations, raises a separate question regarding whether this Court lacks subject-matter jurisdiction over this action.[2]

As noted above, Plaintiff requests "Appellate Review" of the dismissal of Case No. 2022736, permission for this case to be heard on its merits in this court, and that the dismissal be overturned. Although the complaint requests only damages and injunctive relief in the form of implementation of the "Ralf act," (ECF No. 1, p. 6), in the list of Plaintiff's prior lawsuits Plaintiff includes Case No. 2022736 and states that "[i]t was erroneously dismissed" and that he is "appealing to this court," (*id.* at 2).

Based on Plaintiff's characterization of this suit and the relief requested in his response to the Court's order to show cause, the Court finds that Plaintiff is asserting that he suffered a legal error when his state court case was dismissed and that he seeks relief from the state court

---

[2] Plaintiff has not provided, and the Court was unable to locate, documentation regarding the basis for the state court's dismissal of Case No. 2022736. Therefore, at this time the Court expresses no opinion as to the applicability of claim preclusion or *res judicata* to the instant action.

3

1 judgment in this suit.  Despite his request for other forms of relief in the complaint, Plaintiff
2 acknowledges that in order for this action to be heard on the merits, this Court would be
3 providing an appellate review of the dismissal of Case No. 2022736.  The *Rooker-Feldman*
4 doctrine prevents this Court from exercising subject matter jurisdiction over what Plaintiff has
5 repeatedly characterized as an appeal from a state court judgment.  *Kougasian*, 359 F.3d at 1139.
6 Accordingly, the Court finds that it lacks subject matter jurisdiction over this action.

7      In light of this finding, the Court further finds it unnecessary to address Plaintiff's
8 arguments regarding equitable tolling of the statute of limitations for this action.

9 **V.      Order and Recommendation**

10      Accordingly, the order to show cause issued on August 18, 2022, (ECF No. 12), is
11 HEREBY DISCHARGED; and the Clerk of the Court is HEREBY DIRECTED to randomly
12 assign a District Judge to this action.

13      Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, with
14 prejudice, for lack of subject-matter jurisdiction.

15      These findings and recommendations will be submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**
17 **(14) days** after being served with these findings and recommendations, Plaintiff may file written
18 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
19 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
20 specified time may result in the waiver of the "right to challenge the magistrate's factual
21 findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*
22 *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23

24 IT IS SO ORDERED.

25     Dated:   **October 6, 2022**                             /s/ *Barbara A. McAuliffe*
26                                                      UNITED STATES MAGISTRATE JUDGE

27

28